United States District Court
Southern District of Texas
**ENTERED**
August 30, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IVY KENNETH JOY L. MIRAFLOR and JOSEFINA P. SERRANO Plaintiffs, | § § § § § § | CIVIL ACTION NO. 4:20-cv-01054 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| CITY OF MISSOURI CITY, TEXAS and YOLANDA FORD, Defendants. | § § § § § | |

OPINION AND ORDER
GRANTING MOTION TO DISMISS

The motion to dismiss by Defendants the City of Missouri City, Texas and Yolanda Ford is granted. Dkt 14. The claims brought by Plaintiffs Ivy Kenneth Joy L. Miraflor and Josefina P. Serrano are dismissed with prejudice. Dkt 12. Their motion to lift the stay on discovery and for leave to conduct limited discovery is denied as moot. Dkt 22.

1. Background

Miraflor and Serrano purchased a five-acre property in Missouri City, Texas in April 2018. The property was zoned for single-family residential use at the time of purchase. Even so, Miraflor and Serrano wanted to open a childcare facility. They applied to the planning and zoning commission to change the zoning classification to a *Planned Development District*. The commission didn't approve the application but suggested that they apply for a *Planned Unit Development* classification. They applied for a PUD, and the commission sent its recommendation for approval to the City Council. Dkt 12 at ¶¶ 1.1–1.6.

The City Council considered the PUD application during a public hearing on November 19, 2018, but no action was taken. It then considered and rejected the application during a second public hearing on December 3, 2018. Miraflor and Serrano claim that the City Council improperly allowed individuals from outside the proper geographical radius to speak, failed to follow the meeting agenda, and didn't otherwise consider their application according to proper laws and ordinances. They also claim that despite the City Council's decision on December 3rd, it held another meeting on December 10th and considered further public testimony. Id at ¶¶ 1.7–1.15. Miraflor and Serrano also reference meetings and rejections of their application on December 7th and 17th. Id at ¶¶ 1.13, 5.3, 5.5, 5.7.

The City and Mayor Ford emphasize that Miraflor and Serrano initially brought action against them in Texas state court and that the case was dismissed for lack of jurisdiction. They also claim that Miraflor and Serrano brought a second action in the same state court, which they non-suited after the City and Mayor Ford filed pleas to the jurisdiction and moved for sanctions. Dkt 14 at 9. Miraflor and Serrano don't appear to contest these background facts.

Miraflor and Serrano brought this action against the City and Mayor Ford in March 2020. Dkt 1. They then amended their complaint in June 2020. Dkt 12. They assert a number of claims based on alleged violations of the Federal Constitution, the Texas Constitution, and the Texas Open Meetings Act. Id at ¶ 1.17. As remedies, they seek a writ of mandamus, a declaratory judgment, attorney fees, and at least $300 million in compensatory and punitive damages. Id at ¶¶ 6.1–6.9.

The City and Mayor Ford jointly move to dismiss all claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt 14. They contend that Miraflor and Serrano's claims are factually baseless, not ripe, unreviewable, and legally unsound.

The Court stayed discovery in June 2020 pending resolution of the motion to dismiss. Minute Entry of 06/23/2020. Miraflor and Serrano move to lift that stay and seek leave to conduct limited discovery. Dkt 22.

2. Legal standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Read together, the Supreme Court has held that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

A complaint must therefore contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 US at 570. A claim has *facial plausibility* "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678, citing *Twombly*, 550 US at 556. This standard on plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 US at 678, quoting *Twombly*, 550 US at 556.

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (5th Cir 2019) (citation omitted). But "courts 'do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Vouchides v Houston Community College System*, 2011 WL 4592057, *5 (SD Tex), quoting *Gentiello v Rege*, 627 F3d 540, 544 (5th Cir 2010). The court must also generally limit itself to the contents of the pleadings and its attachments. *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014) (citations omitted).

3. Analysis

The Fifth Circuit has "long insisted that review of municipal zoning is within the domain of the states, the business of their own legislatures, agencies, and judiciaries, and should seldom be the concern of federal courts." *Shelton v City of College Station*, 780 F2d 475, 477 (5th Cir 1986). As such, someone "disappointed with a zoning decision ordinarily can interest the federal courts only in a *substantial claim* that the state has deprived him of a property right without due process of law." Ibid (emphasis added). No such *substantial claims* exist here.

a. Claims against Mayor Ford

Miraflor and Serrano state their claims against Mayor Ford in her official capacity as Mayor of the City of Missouri City. Dkt 12 at ¶ 3.6. An official-capacity suit is to be treated as a suit against the government entity. *Kentucky v Graham*, 473 US 159, 166 (1985) (citations omitted); see also *Hafer v Melo*, 502 US 21, 25 (1991). And federal district courts in Texas "have uniformly held official-capacity claims should be dismissed as duplicative and redundant where the government entity for which the individual serves is also named as a defendant." *League of United Latin American Citizens v Texas*, 2015 WL 3464082, *2 (WD Tex) (collecting cases).

The claims against Mayor Ford will be dismissed as duplicative of those asserted against the City.

b. Section 1983 claims

Section 1983 of Title 42 in relevant part provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under Section 1983, a plaintiff must thus assert facts to support that a person acting under color of state law denied the plaintiff a right under the Constitution or federal law. *Martin v Thomas*, 973 F2d 449, 452–53 (5th Cir 1992). A *person* for these purposes includes a local governing body if the action claimed to be unconstitutional implemented a "decision officially adopted and promulgated by that body's officers." *Monell v Department of Social Services of City of New York*, 436 US 658, 690 (1978). Any such claim against a municipality must establish "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v City of Houston*, 237 F3d 567, 578 (5th Cir 2001), quoting *Monell*, 436 US 658, 694 (1978).

The first two elements are adequately pleaded. The City Council here is the City's *policymaker*. Dkt 12 at ¶¶ 1.7–1.17; see *Groden v City of Dallas*, 826 F3d 280, 286 (5th Cir 2016). And the City Council's final decision to deny the rezoning application at issue represents the *official policy*. Dkt 12 at ¶¶ 1.13, 1.20, 5.5; see *Webster v City of Houston*, 735 F2d 838, 853 (5th Cir 1984).

But as to a *violation of constitutional rights whose moving force is the policy or custom*, plaintiffs must show that the policy or custom "itself violated federal law or authorized or directed the deprivation of federal rights" or "that the policy was adopted or maintained by the municipality's policymakers with deliberate indifference as to its known or obvious consequences." *Johnson v Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F3d 293, 309 (5th Cir 2004), quoting *Board of the County Commissioners of Bryan County v Brown*, 520 US 397, 406 (1997). Thus, "each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff, and it must be determined whether each one is facially constitutional or unconstitutional." *Piotrowski*, 237 F3d at 579–80.

Miraflor and Serrano allege that the City violated several of their rights under the Federal Constitution. *First*, they assert that it violated their rights to both procedural and substantive due process as guaranteed by the Fourteenth Amendment to the Federal Constitution. Dkt 12 at ¶¶ 1.13, 4.3, 5.9–5.15. *Second*, they insist that it violated their rights to equal protection, as also

5

guaranteed by the Fourteenth Amendment. Id at ¶¶ 1.10, 4.5, 5.16–5.24. *Third*, they assert that it violated their rights as guaranteed by the Takings Clause of the Fifth Amendment to the Federal Constitution as incorporated against the states. Id at ¶¶ 5.25–5.28. The City contends that none of its actions violated any of these rights. Dkt 14 at 16–26.

i. Violations of the Due Process Clause

The Fourteenth Amendment to the Federal Constitution in relevant part provides, "No State shall . . . deprive any person of life, liberty, or property, without due process of law." Violations of this clause can give rise to both procedural and substantive due process claims.

*As to procedural due process*. Procedural due process under the Federal Constitution "considers not the justice of a deprivation, but only the means by which the deprivation was effected." *Bowlby v City of Aberdeen*, 681 F3d 215, 222 (5th Cir 2012), quoting *Caine v Hardy*, 943 F2d 1406, 1411 (5th Cir 1991). This means that the injury stemming from such an alleged denial "is not the liberty or property that was taken from the plaintiff, but the fact that it was taken without sufficient process." *Bowlby*, 681 F3d at 222. And the "fundamental requirement" of procedural due process is "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v Eldridge*, 424 US 319, 332–33 (1976) (citations and internal quotations omitted).

The Fifth Circuit holds, "Generally, if the court views the governmental conduct as legislative, the property owner has no procedural due process rights." *County Line Joint Venture v City of Grand Prairie*, 839 F2d 1142, 1144 (5th Cir 1988). And "where a zoning decision has been made by an elected body such as a City Council," the Fifth Circuit has "characterized the action as legislative or 'quasi-legislative' negating procedural due process claims." *Jackson Court Condominiums, Inc v City of New Orleans*, 874 F2d 1070, 1074 (5th Cir 1989).

With more particularity, a *zoning amendment* is "an enactment of policy that impacts the community at large." *Rice v Williams*, 2007 WL 2064695, *15 n 13 (ED Tex 2007), citing *Bartlett v Cinemark USA, Inc*, 908 SW2d 229, 235–36 (Tex App—Dallas 1995, no writ). On the other hand, *zoning variances* "are considered

ministerial acts because they involve application of existing legislative policy to a specific individual or parcel of land." Ibid. As such, a *zoning amendment* is characterized as a legislative decision, while a *zoning variance* is not. See *County Line Joint Venture*, 839 F2d at 1144.

Miraflor and Serrano characterize their request as a "New Rezoning Application" and "Rezoning Application." Dkt 12 at ¶¶ 1.5, 5.8. They also cite to several provisions within a larger section of the City's zoning ordinance in their complaint. Dkt 12 at ¶¶ 4.08–4.09. The City attached a copy of the full section at issue, and it's plainly titled, "Section 19. – AMENDMENTS." Dkt 14-1 at 27. A zoning amendment in the City of Missouri City thus requires the City Council to amend the City's overall zoning ordinance. Ibid. And this means that Miraflor and Serrano had no procedural due process rights in securing a favorable legislative decision.

But even if Miraflor and Serrano could bring claims under Section 1983 for violations of their procedural due process rights, their complaint is inadequate to allege that they were denied such process. *Mathews v Eldridge* only requires "some form of hearing . . . before an individual is finally deprived of a property interest." 424 US at 333, citing *Wolff v McDonnell*, 418 US 539, 557–58 (1974). And they allege that the City Council considered the rezoning application during at least three separate hearings. Dkt 12 at ¶¶ 1.7–1.13. This included public testimony. Id at ¶ 1.14; Dkt 14 at 14–15. Such hearings provided all the process to which Miraflor and Serrano were due. See *G & H Development, LLC v Benton-Parish Metropolitan Planning Commission*, 641 F App'x 354, 356–58 (5th Cir 2016); *Welders Mart, Inc v City of Greenville*, 2000 WL 246607, \*2 (ND Tex); *Cleburne's Grass Roots, LLC v City of Cleburne*, 2001 WL 238132, \*1 (ND Tex).

The claims under Section 1983 for violations of procedural due process rights will be dismissed.

*As to substantive due process.* "Where a party alleges that a municipal land-use decision violates its substantive due process rights," the Fifth Circuit requires the reviewing court to "analyze that decision under the rational basis test." *Hackbelt 27 Partners, LP v City of Coppell*, 661 F App'x 843, 846 (5th Cir 2016, *per curiam*),

7

citing *Simi Investment Co v Harris County, Texas*, 236 F3d 240, 249 (5th Cir 2000). This means that plaintiffs challenging the denial of a zoning application must show not only that they were deprived of a protected, substantive due process right, but also that the denial wasn't "rationally related to a legitimate government interest." *Hackbelt 27 Partners*, 661 F App'x at 846, quoting *Simi Investment*, 236 F3d at 249. The City attacks Miraflor and Serrano's claims in both respects. Dkt 14 at 19.

The property at issue was zoned for single-family residential use when Miraflor and Serrano bought it. Dkt 12 at ¶ 1.1. And they simply don't have a right under the Federal Constitution to develop that property in violation of the current zoning laws. See *Mackenzie v City of San Marcos*, 2005 WL 492619, *7 (WD Tex). They nonetheless insist that the City Council had a "ministerial duty" to approve their application—while providing no authority for that proposition. Dkt 12 at ¶ 5.11. To the contrary, the City's Code of Ordinances permissibly establishes a discretionary process for amending boundaries and zoning regulations. Dkt 14-1 at 27–29. Miraflor and Serrano thus haven't sufficiently pleaded that they were deprived of any substantive due process rights protected by the Federal Constitution.

But even if they had, zoning decisions only violate substantive due process if there's no "conceivable rational basis" under which the government may have based its decision. *Shelton*, 780 F2d at 477. It's conceded that the property at issue is surrounded by subdivisions zoned for single-family use and public opposition to the application indicated concerns about increased traffic. Dkt 14 at 9; Dkt 20 at 12. Both factors provide a conceivable rational basis for the City Council's decision. See *Mackenzie*, 2005 WL 492619 at *8. Indeed, it appears to be the very essence of any city council's discretion to take into consideration such factors and public comment.

The claims under Section 1983 for violations of substantive due process rights will be dismissed.

        ii.        Violations of Equal Protection Clause

A plaintiff can successfully allege a violation of the Equal Protection Clause by either showing that "similarly situated individuals were treated differently" or that government officials

8

selectively used their power against them and were "motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right." See *Bryan v City of Madison*, 213 F3d 267, 276–77 (5th Cir 2000) (citations omitted). The City argues that Miraflor and Serrano's claims in this regard fail because they haven't identified "any applicant who was similarly situated and treated differently," "which class they belong to," or "how the City used their race, color, nationality, citizenship, or sex when taking any action." Dkt 14 at 11, 21.

The City's Code of Ordinances creates a single regulatory scheme for amendments by establishing comprehensive standards applicable to all persons who seek an amendment. See Dkt 14-1 at 27–29. Miraflor and Serrano don't explain how the City Council or the City treats similarly situated landowners differently or otherwise distinguishes between classes of individuals. Quite simply, nowhere do they identify any similarly situated individuals who were treated differently by the City Council or the City. See generally Dkt 12.

The claims under Section 1983 for violations of Equal Protection Clause will be dismissed.

### iii. Violation of the Takings Clause

The Fifth Amendment to the Federal Constitution provides in relevant part, "No person shall . . . be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." The Takings Clause is applied against the States through the Fourteenth Amendment. *Chicago, Burlington & Quincy Railroad Co v Chicago*, 166 US 226, 241 (1897).

The Supreme Court holds that "with certain qualifications . . . a regulation which 'denies all economically beneficial or productive use of land' will require compensation under the Takings Clause." *Palazzolo v Rhode Island*, 533 US 606, 617 (2001), quoting *Lucas v South Carolina Coastal Council*, 505 US 1003, 1015 (1992); see also *Dolan v City of Tigard*, 512 US 374, 385 (1994). But that "holding was limited to 'the extraordinary circumstance when *no* productive or economically beneficial use of land is permitted.'" *Tahoe-Sierra Preservation Council, Inc v Tahoe Regional Planning Agency*, 535 US 302, 330 (2002), citing *Lucas*, 505 US

at 1017. "The emphasis on the word 'no'" means that anything "less than a 'complete elimination of value'" requires a different type of regulatory takings analysis. *Tahoe-Sierra Preservation Council*, 535 US at 330, quoting *Lucas*, 505 US at 1019–20 n 8; see *Penn Central Transportation Co v New York City*, 438 US 104, 124 (1978).

Miraflor and Serrano argue that the City Council's denial of their application has deprived their property "of any and all viable economic uses, thus resulting in inverse condemnation" in violation of the Fifth Amendment to the Federal Constitution. Dkt 12 at ¶¶ 5.25–5.28. But the face of their amended complaint discloses that this isn't so. For instance, the property was zoned for residential use when they bought it. Dkt 12 at ¶ 1.1. This designation allows for economic or productive use that continues irrespective of the City Council's decision. And they don't allege a denial of any attempt under the existing classification to otherwise develop the property for permissible use as a single-family residential property—whether for their own use as a residence, or to rent or sell.

Miraflor and Serrano allege that the City Council offered "to change votes from votes to reject to votes to approve if Plaintiffs would agree to dedicate significant portions of the Property to the public." Id at ¶ 5.25. For example, they allege that one member of the City Council demanded exactions such as a community pool and a dog park. Id at 1 and ¶ 5.26. But that in no way addresses the point above, being whether the action here involved "a 'complete elimination of value.'" *Tahoe-Sierra Preservation Council*, 535 US at 330, quoting *Lucas*, 505 US at 1019–20 n 8. It didn't. And regardless, "the opinions of individual council members are not material; the relevant inquiry concerns the intent of the City through its City Council as a legislative body." *Chen v City of Houston*, 9 F Supp 2d 745, 761 (SD Tex 1998), aff'd, 206 F3d 502 (5th Cir 2000). The context of these demands isn't specified, but it plainly isn't alleged to have been the subject of a formal vote or otherwise implemented policy. As alleged, the comment simply isn't actionable.

The Supreme Court holds that land-use regulations "are ubiquitous and most of them impact property values in some tangential way—often in completely unanticipated ways. Treating

them all as *per se* takings would transform government regulation into a luxury few governments could afford." *Tahoe-Sierra Preservation Council*, 535 US at 324. The claim under the Takings Clause of the Fifth Amendment will be dismissed.

      c.    Claims under state law

Miraflor and Serrano assert that the City violated provisions of the Texas Constitution pertaining to due process and takings. Dkt 12 at ¶¶ 4.2, 5.19, 5.25; see Tex Const Art I, §§ 17, 19. And they assert that the City violated the Texas Open Meetings Act. Id at ¶¶ 1.13, 1.17; see Chapter 551 of the Texas Government Code.

*As to due process under the Texas Constitution.* Article I, § 19 of the Texas Constitution provides, "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." These protections, "for the most part, align with the protections found in the Fourteenth Amendment to the United States Constitution." *Patel v Texas Department of Licensing & Regulation*, 469 SW3d 69, 86 (Tex 2015).

Before any rights of *substantive due process* attach "a party must have a liberty or property interest that is entitled to constitutional protection." *Mbogo v City of Dallas*, 2018 WL 3198398, *8 (Tex App—Dallas, pet denied) (emphasis added), citing *Klumb v Houston Municipal Employees Pension System*, 458 SW3d 1, 15 (Tex 2015). And the government must "afford an appropriate and meaningful opportunity to be heard" to comport with *procedural due process* only if an individual is deprived of a property right. Thus, neither substantive nor procedural due process rights attach without a legitimate liberty or property interest. *Mayhew v Town of Sunnyvale*, 964 SW2d 922, 939 (Tex 1998) (citations omitted).

Miraflor and Serrano don't have a vested property right to maintain a business in violation of the City's zoning ordinance. Quite simply, Texas property owners "do not have a constitutionally protected, vested right to use property in any way they choose without restriction and despite existing rules in force at the time they acquire it." *Mbogo*, 2018 WL 3198398 at *8 (collecting cases).

11

The due process claim under the Article I, § 19 of the Texas Constitution will be dismissed.

*As to takings under the Texas Constitution.* Article I, § 17 of the Texas Constitution provides in relevant part that "No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person, and only if the taking, damage, or destruction is" for certain enumerated uses and reasons. A regulation may be a taking under this provision (as under the Federal Constitution) "when it deprives the owner of all economically beneficial uses of the land." *Da Vinci Investment, LP v City of Arlington*, 747 F App'x 223, 228 (5th Cir 2015), citing *Sheffield Development Co v City of Glen Heights*, 140 SW3d 660, 671 (Tex 2004). Such claims are "limited to the extraordinary circumstance when *no* productive or economically beneficial use of land is permitted and the landowner is left with a token interest." *Sheffield Development*, 140 SW3d at 671 (citations and internal quotations omitted).

It has already been determined that the denial by the City Council of Miraflor and Serrano's rezoning application didn't deprive their property of all its economically beneficial or productive uses. Their takings claim under the Article I, § 17 of the Texas Constitution will be dismissed

*As to the Texas Open Meetings Act.* Miraflor and Serrano bring a claim under the Texas Open Meetings Act. Id at ¶¶ 1.13, 1.17. But they failed to respond to the motion to dismiss in this regard. Dkt 15. This waives opposition to entry of dismissal. See Rule 7.4, Local Rules of the United States District Court for the Southern District of Texas; *Black v North Panola School District*, 461 F3d 584, 588 n 1 (5th Cir 2006). It will be dismissed.

      d.   Claim for declaratory relief

Miraflor and Serrano assert a claim for declaratory relief under 28 USC §§ 2201 and 2202. Dkt 12 at ¶ 2.1. They specifically seek a declaratory judgment that their rezoning application "complies in all respects with the zoning requirements" of the City and that the application "should be approved and granted." Id at ¶ 5.20. But it is generally understood that if all other claims in a lawsuit have been dismissed, any

request for declaratory relief should also be dismissed. *Payne v United States*, 2016 WL 454899, *4-6 (ED Tex), *8 citing *Stallings v CitiMortgage, Inc*, 611 F App'x 215, 218 (5th Cir 2015).

The request by Miraflor and Serrano for declaratory relief will be denied.

### e. Request for mandamus relief

Citing no authority, Miraflor and Serrano assert that they "are entitled to issuance of mandamus by this Court to the City, the City Council and each City Council member directing immediate approval" of their "Rezoning Application." Dkt 12 at ¶¶ 5.8, 6.6. Section 1361 of Title 28 states that federal district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 USC § 1361. But there isn't any general authority "to issue writs of mandamus to direct state officials in the performance of their duties." *Labranche v The Louisiana Department of Justice*, 2021 WL 1233476, *3 n 27 (MD La) (citations omitted); see also *Shirley v Starkey*, 2010 WL 3781806, *1 (ED Tex) (citation omitted), adopted by 2010 WL 3781799, aff'd 427 F App'x 305 (5th Cir 2011, *per curiam*).

The request by Miraflor and Serrano for a writ of mandamus will be denied.

### 4. Potential for repleading

A district court "should freely give leave [to amend] when justice so requires." FRCP 15(a)(2). The Fifth Circuit holds that this "evinces a bias in favor of granting leave to amend." *Carroll v Fort James Corp*, 470 F3d 1171, 1175 (5th Cir 2006) (internal quotations omitted). But the decision whether to grant leave to amend is within the "sound discretion of the district court." *Pervasive Software Inc v Lexware GmbH & Co KG*, 688 F3d 214, 232 (5th Cir 2012) (citation omitted). It may be denied "when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *Morgan v Chapman*, 969 F3d 238, 248 (5th Cir 2020), citing *Smith v EMC Corp*, 393 F3d 590, 595 (5th Cir 2004). And a district court doesn't abuse its discretion when it dismisses an amended complaint with prejudice after it

decides that a plaintiff "has had fair opportunity to make his case." *Schiller v Physicians Resource Group Inc*, 342 F3d 563, 567 (5th Cir 2003), quoting *Jacquez v Procunier*, 801 F2d 789, 792 (5th Cir 1986).

Miraflor and Serrano's claims haven't been subject to a prior motion to dismiss. Even so, they will be dismissed with prejudice because amendment would be futile. The City claims that Miraflor and Serrano initially brought action against it and Mayor Ford in Texas state court twice, with the first action being dismissed for lack of jurisdiction and the second being non-suited with pleas to jurisdiction and a sanctions motion pending. Dkt 14 at 9. Miraflor and Serrano don't dispute this, and they have now filed two complaints in this action. Dkts 1, 12, 15. This is more than ample opportunity to attempt a successful pleading of their claims. Given these circumstances, any future attempt to amend would be an "exercise in futility" and thus isn't warranted. *Schiller*, 342 F3d at 569.

     5.    Conclusion

The motion to dismiss submitted by Defendants City of Missouri, Texas and Yolanda Ford is GRANTED. Dkt 14.

The claims by Plaintiffs Ivy Kenneth Joy L. Miraflor and Josefina P. Serrano against Defendants City of Missouri City and Mayor Yolanda Ford in her official capacity as Mayor and Councilmember are DISMISSED WITH PREJUDICE.

The motion by Miraflor and Serrano to lift the stay on discovery and for leave to conduct limited discovery is DENIED AS MOOT. Dkt 22.

SO ORDERED.

Signed on August 30, 2021, at Houston, Texas.

*[signature: Chas R Eskridge II]*

Hon. Charles Eskridge
United States District Judge